## CHARLES A. MERRILL *vs.* R. H. ELAM and others.

### October Term, 1875.

RECEIVER MAY BE APPOINTED AFTER FINAL DECREE.—After a final decree in a cause confirming a sale of land and awarding a writ of assistance to put the purchaser in possession, from which the defendant in possession of the land has prayed and obtained an appeal, the court may, upon the application of the purchaser, at the same term, and good cause shown, set aside the order granting the appeal and appoint a receiver to take possession of the land pending the appeal; and the insolvency of the party in possession is sufficient cause.

SAME—PRACTICE OF SUPREME COURT.—It seems the supreme court will, in such cases, if satisfied that the receiver was properly appointed, direct the inferior court to execute its order pending the appeal.

*E. H. East*, for purchaser.

*T. L. Dodd*, for appellant.

THE CHANCELLOR :—The rights of the parties in this case were settled by a decree of the supreme court, and the cause remanded for further proceedings. The land of the defendant G. W. G. Payne was sold by the master, in conformity with the decree, and bought by the complainant. The sale was confirmed at this term of the court, and a writ of possession awarded to put the purchaser in possession. The defendant Payne has prayed an appeal to the supreme court, and the appeal being a matter of right under the Code, § 3155, has been granted, upon his giving bond with security as required by law, which would probably be for costs of this and the supreme court (Code, § 3164, a), and time has been granted him within which to execute the required bond. In this state of the case the complainant has presented his petition, under oath, stating these facts, and the additional fact that Payne is utterly insolvent; that he is in possession of the property, and, if permitted to retain possession, the rent for next year will be wholly lost; that there is now, December 11, 1875, an opportunity to rent the property, which will probably be lost if the renting is delayed until the meeting of the supreme court, on the first Monday of January next. The prayer of the petition is that a receiver be appointed to take possession and rent the land pending any further litigation in the cause.

A purchaser of land at a master's sale, under a decree of this court, is, in the absence of any provision in the decree of sale directing otherwise, entitled to the rent of the land bought, from the date of the confirmation of the sale. *Armstrong* v. *McClure*, 4 Heisk. 80. This court, by its previous proceedings, and the decree of confirmation, has definitely settled the fact that the purchaser has acquired a right to the future rents. It is true the supreme court might review its action, and set aside the decrees and orders on which the right rests. But, *prima facie*, the purchaser has a clear equity, and it is precisely upon such *prima facie* showing that this court always acts in the appointment of a receiver *pendente lite*. The appointment decides nothing except

that, as the case then appears, the property ought to be placed in the hands of an impartial third person, to be managed, under the orders of the court, for the benefit of whom it may concern, so as to prevent loss to one of the litigant parties, who makes out a *prima facie* case to relief. A final decree settling the applicant's right to the legal title and possession of the property in dispute is the strongest imaginable *prima facie* showing of such right.

A receiver may be appointed at the hearing, although not prayed for in the bill. *Osborne* v. *Harvey*, 1 Y. & C. C. C. 116; *Fingal* v. *Blake*, 1 Mol. 113. Or, as said by our supreme court, a receiver may be appointed at any stage of a cause, upon a proper state of facts appearing, and a prayer for the purpose in the bill is not an essential prerequisite. *Henshaw* v. *Wells*, 9 Humph. 568. See, also, to the same effect, *Malcolm* v. *Montgomery*, 2 Mol. 500, and *Cooke* v. *Gwyn*, 3 Atk. 690, in the last of which the language of Lord Hardwicke has been construed as conceding the authority of the court without a prayer, and in the former of which the power is positively asserted. To the same effect may be added the weight of Chancellor Walworth's opinion in a MS. note made by him on the margin of the first edition of Edwards on Receivers, and preserved for us in the second edition of that work, p. 19: "I think it has been decided," says that eminent Chancellor, "that where the party in possession of the fund or property had become insolvent pending litigation, a receiver might be appointed, on petition showing such fact, without the necessity of a supplemental bill, and where the original bill showed a proper case."·

A receiver may also be appointed after decree, without filing a supplemental bill, in cases of emergency. *Bowman* v. *Bell*, 14 Sim. 392; *Thomas* v. *Davies*, 11 Beav. 29; *Wright* v. *Vernon*, 3 Drew. 112; *Attorney General* v. *Mayer*, etc., 1 Mol. 95. A receiver was appointed after decree, where the defendant by his conduct had prevented the complainant from obtaining the benefit of the decree. *Shee* v. *Harris*, 1 J. & Lat. 91. And where there was danger of loss by delay and the possible inability of a

prior mortgagee to refund, if he should be ordered to do so. *Hiles* v. *Moore*, 15 Beav. 175. The appointment may also be made, although by the decree further consideration generally, or the matters in question between the complainant and the particular defendant, have been reserved. Id; *Cooke* v. *Gwyn*, 3 Atk. 690.

It is also of course, after a decree fixing rights to realty, to enjoin waste pending an appeal. *Wright* v. *Atkyns*, 1 V. & B. 313; *Goodman* v. *Kine*, 8 Beav. 379.

It is clear, therefore, upon authority, that the application may be entertained at this stage of the cause, and the ground stated in the petition is the strongest which can be addressed to the court upon such occasions, namely, the utter insolvency of the party in possession.

The order granting the appeal will be set aside and a receiver appointed, with authority to take possession of the property at once, for which purpose a writ of possession will issue, and to rent the land for the next year to the best advantage, on note with good security. After the entry of the order the original prayer for an appeal will be again granted. If the counsel of the defendant Payne wish to change the prayer so as to include in their appeal the present order, they may do so. The effect of such a prayer, and of the consummation of the appeal granted, upon this order, is not now before me. The petitioner will pay the costs of the present application, and of any proceedings under it, if the appeal is not consummated.

NOTE.—This decision was affirmed upon appeal, the supreme court, upon motion made by the appellant to supersede the order appointing the receiver, refusing to interfere therewith, and remanding the cause with an order, in the nature of an order *procedendo*, to the chancery court to put the receiver in possession. At the same term of the supreme court, on the 22d of January, 1876, it was held, in *Bidwell* v. *Paul*, Freeman, J., delivering the opinion, that the beneficiary in a trust assignment for the benefit of creditors is entitled, after a decree below in his favor enforcing the trust, to a receiver, where it is alleged in the bill "that the security is scarcely sufficient to pay the debt claimed," and the appeal is in *forma pauperis.* The receiver was appointed by the supreme court, no application for that purpose having been made in the court below. See, upon the power of the appellate court and of the Chancellor to make protective orders pending an appeal, *Doughty* v. *Somerville & Easton R. R. Co.*, 3 Halst. Ch. 629; *Ryerson* v. *Boorman*, 3 Halst. Ch. 640.